THRASYBULE D. LAZARIDES, ETC., PLAINTIFF, v. WIL-
LIAM STEVENSON, DEFENDANT.

Submitted November 6, 1924—Decided March 18, 1925.

**Sale of Goods—Defendant Disputes Responsibility for Purchase, Alleging a Corporation to be Formed to Have Been the Purchaser—Later, That Another Person, a Backer of the Proposed Corporation Would be Responsible—Second Trial —Verdict for Defendant at First Trial was Set Aside Because the Responsibility of a Corporation in Posse Not in Esse ·was Questioned—Second Verdict for Defendant on Similar State of Facts Should Cause Court to Hesitate Before Granting New Trial.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Absalom P. Bachman.*

For the defendant, *Elmer W. Romine.*

PER CURIAM.

This is a suit to recover a balance claimed to be due for certain automobile specialties made by the plaintiff upon special order, and for which, as he claimed, the defendant agreed to pay. The present rule brings up a second verdict for the defendant in this action, and, although there are slight differences to be found in the evidence at the two trials, the substantial claims on both side are practically the same. It was admitted that the defendant, Stevenson, had ordered the articles in question, and it is quite plain from the case before us that at the time they were ordered there was in contemplation the organization of a corporation which was to exploit them, and that Stevenson was one of the parties principally interested in the proposed corporation, and that

another man named Burrows was the other. Burrows was, obviously, the financier of the combination, and, in fact, has made all the payments upon the plaintiff's claim that were made. The articles to be manufactured were of two classes: the first is called gas savers, and the second seems to be a variety of spark plugs. The gas savers were furnished, and, ultimately, paid for. The plaintiff progressed with the spark plugs so far as to procure certain material, and, possibly, do certain work, but, before they were delivered or completed, the order was canceled, and he disposed of the material at a considerable loss.

The suit was brought against the defendant, Stevenson, personally. There was another suit in New York against Burrows, of which notice will be taken in a moment.

The principal defense at the first trial was that the plaintiff had been notified before he accepted the order, and when he asked who was going to pay for the goods, that the payment was to be made by the projected corporation. The jury found a verdict for the defendant, and, on rule to show cause, the verdict was set aside by this court in a *per curiam* which intimated that a finding that a corporation which had never been organized and was merely in *posse,* but not in *esse,* was against the weight of evidence. At the second trial the defense shifted somwhat and amounted to practically this: That defendant, Stevenson, had told the plaintiff on the first occasion, when he went to arrange for the manufacture of the goods, "I told him we were forming a corporation and I had an invention developed and had backing, and I was responsible for all bills contracted; that was my agreement with him. * * * I told him everything about it. * * * I told him we started forming a corporation in September— that was long before I went down to see him—and the first time I told him the whole circumstances.". Later in his testimony the defendant said that he went back to the plaintiff a second time and told him he had taken the matter up with Mr. Burrows; that Mr. Burrows said it was all right; that plaintiff asked him who was going to pay for them, and de-

fendant told him that Burrows would pay for them; that later Burrows came down with the defendant to the plaintiff's place and a conversation was had, and that on that occasion the plaintiff asked Mr. Burrows who was responsible for paying, and Mr. Burrows said: "Get the work completed and I will see that you get your money."

It further appeared, as has already been stated, that Burrows had made certain payments on the gas savers, and that later the plaintiff had sued him in New York; that he had paid some $600. Also, there appears to have been some sort of a writing signed by the defendant, at the instance of the plaintiff, declaring that Burrows was the responsible party.

The substantial question of fact laid before the jury was whether Stevenson had promised to pay for the goods himself, either expressly or impliedly, or whether plaintiff had made them in reliance upon an undertaking of Burrows to pay for them.

This is a second verdict for the defendant on a generally similar state of facts, and we think it a proper case for the application of the rule enunciated in *Brown* v. *Paterson Paper Co.,* 69 *N. J. L.* 475, where a new trial was denied upon the principle that a second concurring verdict upon the same state of facts, or on slightly varying evidence, should cause the court to hesitate before granting a third trial.

The rule to show cause will therefore be discharged.